PHILLIP A. TALBERT
United States Attorney
LEE S. BICKLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

CHRISTOPHER J. CARLBERG
TAI S. MILDER
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue, Rm 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
Facsimile: (415) 934-5399

Attorneys for Plaintiff
United States of America

**FILED**
Mar 16, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHOON FOO YONG AKA KEITH YONG, <br><br> Defendant. | CASE NO. 2:22-cr-0053 KJM <br><br> Violation: 15 U.S.C. § 1 – Bid-Rigging Conspiracy; 18 U.S.C. § 666(a)(1)(B) – Bribery Concerning Programs Receiving Federal Funds; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N F O R M A T I O N

COUNT ONE: [15 U.S.C. § 1 – Bid-Rigging Conspiracy]

The United States Attorney charges: T H A T

CHOON FOO YONG AKA KEITH YONG, defendant herein, an agent of the California Department of Transportation (Caltrans), and Contractor A, Contractor B, Caltrans Employee A, and others, beginning at least as early as in or about 2015, and continuing until at least through 2019, in the Eastern District of California and elsewhere, knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by

rigging bids to obtain state government contracts. The combination and conspiracy engaged in by the defendant and co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of the Sherman Act, Title 15, United States Code, Section 1. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were to rig bids for improvement and repair contracts awarded by Caltrans. During the period covered by this Information, the busines activities of the defendant and co-conspirators that are the subject of this Information were within the flow of, and substantially affected, interstate commerce.

COUNT TWO: [18 U.S.C. § 666(a)(1)(B) – Bribery Concerning Programs Receiving Federal Funds]

    The United States Attorney charges: T H A T

    CHOON FOO YONG AKA KEITH YONG,

defendant herein, between on or about January 1, 2018, and continuing through on or about December 31, 2018, in the Eastern District of California and elsewhere, while an agent of the California Department of Transportation (Caltrans), a California state agency that received federal benefits in excess of $10,000 in 2018, did knowingly and corruptly solicit, demand, accept, and agree to accept from another person, namely Contractors A and B, things of value, namely United States currency, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions at Caltrans with value of $5,000 or more, all in violation of Title 18, United States Code, Section 666(a)(1)(B).

FORFEITURE ALLEGATION:     [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

    1.    Upon conviction of the offense alleged in Count Two of this Information, defendant CHOON FOO YONG AKA KEITH YONG shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to the following:

    a.    Approximately $14,730.00 in U.S. Currency, as depicted below:



2.  If any property subject to forfeiture, as a result of the offense alleged in Count Two of this Information, for which the defendant is convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

| | |
|---|---|
| PHILLIP A. TALBERT<br>United States Attorney, By<br><br>_/s/ Lee S. Bickley_<br>LEE S. BICKLEY<br>Assistant United States Attorney | U.S. DEPARTMENT OF JUSTICE<br>ANTITRUST DIVISION, By<br><br>_/s/ Jonathan S. Kanter_<br>JONATHAN S. KANTER<br>Assistant Attorney General<br><br>_/s/ Richard A. Powers_<br>RICHARD A. POWERS<br>Deputy Assistant Attorney General<br><br>_/s/ Chris Carlberg_<br>CHRISTOPHER J. CARLBERG<br>TAI S. MILDER<br>Trial Attorneys |

INFORMATION                                4

**United States v. Yong**
**Penalties for Information**

2:22-cr-0053 KJM

## COUNT 1:

VIOLATION:    15 U.S.C. § 1 – Bid-Rigging Conspiracy

PENALTIES:    A maximum of up to 10 years in prison; or
Fine of up to $1,000,000 or twice the gross pecuniary gain to the defendant or twice the gross pecuniary loss resulting from the offense; or both fine and imprisonment
Supervised release of at least 3 years up to life

## COUNT 2:

VIOLATION:    18 U.S.C. § 666(a)(1)(B) – Bribery Concerning Programs Receiving Federal Funds

PENALTIES:    A maximum of up to 10 years in prison; or
Fine of up to $250,000 or twice the gross pecuniary gain to the defendant or twice the gross pecuniary loss resulting from the offense; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION:

VIOLATION:    18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES:    As stated in the charging document.